Dear Mr. Price:
You have requested an opinion of the Attorney General regarding the tax exempt status of the Petroleum Club of Shreveport (Petroleum Club). You request that our office review Attorney General Opinion Nos. 79-861, 79-861A, 89-350, and 80-1652. These opinions all have reference to ad valorem taxation, and/or the exemption from same, of country clubs, social clubs, and non-profit fraternal organizations.
You specifically ask whether the Petroleum Club is entitled to an exemption from ad valorem taxation pursuant to ArticleVII, Section 21 of the Louisiana Constitution of 1974.
The issue of the tax exempt status of the Petroleum Club was previously considered by this office in Attorney General Opinion No. 80-1652. Therein, the author concluded that the property of the Petroleum Club was exempt from ad valorem taxes under the provisions of Article VII, Section 21(B)(1). Since the issuance of this opinion, the constitution was amended and the applicable exemption provision is now in Section 21(B)(1)(a). It reads:
 "Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
* * *
 (B)(1)(a) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax;"
Opinion 80-1652, in applying the above quoted constitutional provision to the stated objects and purposes of the Petroleum Club, concluded:
 "The Articles of Incorporation reflect that the Club was formed and organized as a non-profit corporation for the following purposes:
 `The objects and purposes of this Club are declared to be to establish, maintain, and conduct among persons and corporations engaged in the petroleum industry and in allied industries and professions serving the petroleum industry, a club and association to promote educational, intellectual and social intercourse and association among its members.'
 Although no evidence has been submitted to this office with respect to the Club's exemption from income taxes, such evidence is not essential in rendering this opinion. The Club is organized for fraternal purposes as set out in its Articles. The word `fraternal' as defined in Black's Law Dictionary means:
 `Brotherly; relating or belonging to a fraternity or an association of persons for mutual aid and benefit, but not for profit.'
 Therefore, based upon the documents submitted and the law we are of the opinion that the property of the Club is exempt from ad valorem taxation under the provisions of Article 7, Section 21(B)(1) of the Louisiana Constitution of 1974; provided, however, said property exemption will not apply if (1) the Club is not declared to be exempt from federal and state income tax and (2) the property is owned, operated, leased or used for commercial purposes unrelated to the exempt purposes of the corporation."
It is our understanding from talking with representatives of the Petroleum Club that the language setting out the Petroleum Club's objects and purposes has remained unchanged since its Articles and By-laws were filed in 1950. It is my further understanding that the Petroleum Club continues to be declared to be exempt from federal and state income taxes.
In your request, you refer to a November 29, 1988 letter relating to an amendment to the "objects and purposes" clause of the charter of the Petroleum Club. A review of that letter reveals that it refers to the charter of the Shreveport Club, a separate and distinct entity from the Petroleum Club. Attorney General Opinion No. 89-350, in addressing the issue of the tax exempt status of the Shreveport Club, concluded that said club constituted strictly a social club which could only enjoy tax exempt status under Article VII, Section 21(B)(3). This section of the constitution requires that a social club have both fraternal and charitable purposes. The opinion concluded that the Shreveport Club did not qualify for exemption because its Articles of Incorporation did not reveal any charitable corporate purpose.
Opinion No. 89-350 further distinguished the "objects and purposes" language of the Petroleum Club from the Shreveport Club and reaffirmed that, under the unique language of the Articles of the Petroleum Club describing its purposes, the Petroleum Club qualified for tax exemption.
Based on the above, it is the opinion of this office that the property of the Petroleum Club continues to enjoy an exemption from ad valorem taxation under the provisions of Article VII, Section 21(B)(1)(a). Accordingly, we reaffirm Opinion No. 80-1652.
Trusting this adequately answers your question, I am,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb 0079R